UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE DIVISION

| | |
|---|---|
| **VICTOR G. BAXTER** | **DOCKET NO. 6:10-cv-1622** |
| **FED. REG. NO. 26713-004** | |
| **V.** | **SECTION "P"** |
| | **JUDGE DOHERTY** |
| **WARDEN W.A. SHERROD** | **MAGISTRATE JUDGE HANNA** |

REPORT AND RECOMMENDATION

*Pro se* petitioner Victor G. Baxter, a federal prisoner who is in the custody of the Bureau of Prisons and who is incarcerated at the United States Penitentiary, Pollock, Louisiana, filed a petition for writ of *habeas corpus* pursuant to 28 U.S.C. §2254 on October 12, 2010. That petition attacked petitioner's 1999 convictions on drug charges in Florida's Seventeenth Judicial Circuit Court, Broward County. Petitioner argued four grounds for relief – (1) he was denied the right to appeal; (2) his court-appointed counsel rendered ineffective assistance when he abandoned petitioner's appeal; (3) the traffic stop which led to petitioner's arrest was illegal; and, (4) the conviction was subsequently used to enhance petitioner's federal sentence. [Doc. #1]

Thereafter, on November 17, 2010 petitioner filed a petition for writ of *habeas corpus* pursuant to 28 U.S.C. §2241 challenging the September 30, 2003 drug related conviction in the United States District Court for the Southern District of Florida on the following grounds – (1) the trial court erroneously relied upon prior conviction to determine Career Offender Status; (2) the trial court abused her discretion by imposing a fine; (3) petitioner's prior state conviction was illegally used to enhance petitioner's current federal sentence. [Doc. #3]

Then, on November 30, 2010, petitioner filed another *habeas* petition pursuant to §2254;

again he attacked the 1999 drug conviction in Florida's Seventeenth Judicial Circuit Court raising the same grounds raised in his original petition. [Doc. #6]

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court. For the following reasons, it is recommended that the petitions for habeas corpus filed pursuant to 28 U.S.C. §§2241 and 2254 be **DISMISSED WITH PREJUDICE** for lack of jurisdiction.

### *Background*

On March 1, 1999, petitioner pled guilty to charges of possession of marijuana and drug paraphernalia in the Seventeenth Judicial Circuit Court, Broward County, Florida. He was sentenced to serve 174 days and given credit for the time served pending his plea. [See exhibits associated with Docs. # 1 and 6]

On September 19, 2002 he was indicted and charged with distribution of crack cocaine and other related charges by the Grand Jury for the United States District Court for the Southern District of Florida. He went to trial and on September 26, 2003 the jury found him guilty of two counts of distribution of crack cocaine. On December 22, 2003 he was sentenced to serve concurrent sentences of 360 months in the custody of the BOP. [*See United States v. Victor Garry Baxter*, No. 0:02-cr-60200 (U.S. District Court, Southern District of Florida, Ft. Lauderdale) at Docs. # 1, 126, and 157.] His conviction and sentence were affirmed on direct appeal to the United States Eleventh Circuit Court of Appeals in an unpublished opinion. *United States v. Baxter*, 127 Fed. Appx. 471 (11th Cir. January 4, 2005). That judgment was vacated and the appeal remanded by the Supreme Court on May 2, 2005. *Baxter v. United States*, 544 U.S. 1013, 125 S.Ct. 1994, 161 L.Ed.2d 847 (2005). The previous opinion was reinstated on remand and petitioner's sentence was affirmed. *United States v.*

*Baxter*, 152 Fed. Appx. 878 (11th Cir. October 14, 2005). Petitioner filed a Motion to Dismiss on May 3, 2005 [No. 02-cr-60200 at Doc. # 181]; that motion was ultimately construed as a Motion to Vacate pursuant to 28 U.S.C. §2255 [*Id*., at Doc. #182] and denied without prejudice on November 7, 2005, because petitioner's appeal was still pending. *See Baxter v. United States*, No. 05-21284 (U.S. District Court, SDFla.)

Petitioner filed another collateral attack in the United States Court in Florida on June 19, 2006. *See Victor G. Baxter v. State of Florida*, No. 0:06-cv-60877. Petitioner utilized the form for seeking relief from a state court judgment pursuant to 28 U.S.C. §2254 and attacked the March 1, 1999 conviction in the Seventeenth Judicial Circuit Court on the grounds that (1) his plea was involuntary; (2) the evidence against him was unlawfully obtained; (3) ineffective assistance of counsel; and (4) the denial of the right to appeal. [*Id*. at Doc. #1]

On June 28, 2006, the United States Magistrate Judge recommended dismissal as follows,

Because Baxter is no longer 'in custody' on the expired state sentence, he cannot bring a federal *habeas corpus* action solely attacking the expired sentence. *See Means v. Alabama*, 209 F.3d 1241 (11th Cir. 2000). This petition must be deemed to be an attack on the judgment Baxter is currently serving. *Id.* As such, it must be construed as a motion to vacate pursuant to 28 U.S.C. §2255.

This motion is clearly without merit, as the Supreme Court has held that 28 U.S.C. §2255 may not be used to collaterally attack a prior sentence used to enhance a federal sentence, even though a direct or collateral attack is no longer open because the defendant failed to pursue those remedies while they were available or because the defendant did so unsuccessfully. *Daniels v. United States*, 121 S.Ct. 1578 (2001); *see also Lackawanna County District Attorney, et al. v. Coss*, 531 U.S. 923 (2001). [*Id*. at Doc. 3]

On July 27, 2006 the District Judge adopted the recommendation of the Magistrate Judge and dismissed petitioner's civil action. [*Id*. at Doc. #5]

Petitioner's request for a Certificate of Appealability was denied by the Eleventh Circuit on

March 12, 2007 as follows, "Appellant filed a purported §2254 petition, challenging the enhancement of his federal sentence on the basis that his state conviction was unconstitutionally obtained. Inasmuch as his petition challenged the legality of his state conviction, his petition was properly dismissed because he was no longer in custody on the state sentence at the time he filed the petition. See 28 U.S.C. §2254(a); *Means v. Alabama*, 209 F.3d 1241, 1242 (11th Cir. 2000). Inasmuch as his petition was construed as a §2255 motion, the motion was properly dismissed because §2255 is not an appropriate vehicle for determining whether a state conviction later used to enhance a federal sentence was unconstitutionally obtained. *Daniels v. United States*, 532 U.S. 374, 380-81, 121 S.Ct. 1578, 1582, 149 L.Ed.2d. 590 (2001)." [*Id*. at Doc. #17; *Victor G. Baxter v. State of Florida*, No. 06-14464-H (11th Cir. 3/12/2007)]

*Law and Analysis*

*1. Section 2254*

Based on the pleadings, exhibits, and published jurisprudence, regardless of how the Court construes the petition, the undersigned finds the Court does not have subject matter jurisdiction over petitioner's *habeas* claims brought under §2254. To the extent petitioner seeks relief from his state court conviction and sentence pursuant to §2254, as previously recognized by the Florida District Court, there is no jurisdiction because §2254 authorizes the district court to "... entertain an application for a writ of *habeas corpus* in behalf of a person <u>in custody</u> pursuant to the judgment of a State court only on the ground that he is <u>in custody</u> in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).

Petitioner was sentenced to serve 174 days on March 1, 1999 following his guilty plea to charges of possession of marijuana and drug paraphernalia in the Seventeenth Judicial Circuit Court,

Broward County, Florida. He was given credit for the time served pending his plea. [See exhibits associated with Docs. # 1 and 6] That sentence of a little less than 6 months which was imposed more than 20 years ago has long since expired. Generally, a *habeas* petitioner whose sentence has expired is no longer "in custody" for purposes of Section 2254. *Maleng v. Cook*, 490 U.S. 488, 492, 109 S.Ct. 1923, 104 L.Ed.2d 540 (1989); *Pleasant v. State of Texas*, 134 F.3d 1256, 1258 (5th Cir.1998). Consequently, if the petitioner is no longer "in custody," there is no subject matter jurisdiction for a *habeas* claim collaterally attacking that conviction or sentence.

However, if the attacked conviction was used to enhance a subsequent sentence *imposed by a state court*, the prisoner may, in some circumstances, challenge the new sentence under §2254. *Lackawanna County District Attorney v. Coss*, 532 U.S. 394, 405, 121 S.Ct. 1567, 149 L.Ed.2d 608 (2001).[1] In that case, the United States Supreme Court held:

> Once a judgment of conviction is entered in state court, it is subject to review in multiple forums. Specifically, each State has created mechanisms for both direct appeal and state post-conviction review [citation omitted] even though there is no constitutional mandate that they do so [citations omitted]. Moreover, §2254 makes federal courts available to review state criminal proceedings for compliance with federal constitutional mandates ...
>
> Accordingly ... we hold that once a state conviction is no longer open to direct or collateral attack in its own right because the defendant failed to pursue those remedies while they were available (or because the defendant did so unsuccessfully), the conviction may be regarded as conclusively valid [citation omitted]. If that conviction is used to enhance a criminal sentence, the defendant generally may not challenge the enhanced sentence through a petition under §2254 on the ground that the prior conviction was unconstitutionally obtained.

*Coss,* 532 U.S. at 402-406, 121 S.Ct. 1573-75.

---

[1] In both Section 2254 petitions, petitioner attacks his 1999 Florida convictions on various grounds, and concludes each petition with the claim that the conviction was used to enhance his current federal sentence. [See Docs. #1 and 6]

5

However, *Coss* is not applicable because the petitioner is seeking to attack the state court conviction that was used to enhance his *federal* sentence. In *Coss,* the Court determined whether §2254 relief was available to attack a prior state court conviction used to enhance a subsequent state court sentence. It specifically recognized that *Daniels v. United States*, 532 U.S. 374, 381, 121 S.Ct. 1578, 149 L.Ed.2d 590 (2001) held that, under 28 U.S.C. § 2255, with "rare" exceptions, a petitioner may not challenge a prior conviction used to enhance a *federal* sentence if the prior conviction "is no longer open to direct or collateral attack in its own right because the defendant failed to pursue those remedies while they were available (or because the defendant did so unsuccessfully)". The *Coss* court held that the holding in *Daniels* would be extended to cover §2254 petitions directed at state sentences. *Coss,* 532 U.S. at 402, 121 S.Ct. 1573. That is not the case here. Rather, the petitioner is trying to attack his prior state court conviction that was used to enhance his current federal sentence, and therefore, the court would construe the petitioner's claims as a motion to vacate under §2255 and apply the law set forth in *Daniels* as was done previously in Florida.

However, the Court is without jurisdiction to construe this as a §2255 motion because that motion must be filed in the district where the conviction and sentence was obtained. *Pack v Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000); *Wise v. Kastner*, 340 Fed. Appx. 957, 959 (5th Cir. 2009).

Therefore, the undersigned finds the claims for relief under 28 U.S.C. §2254, to the extent they are seeking to directly or collaterally attack the prior state court conviction, are barred for lack of subject matter jurisdiction because the petitioner is no longer in custody and recommends they be dismissed with prejudice. To the extent the claims are attacks on the prior state court conviction only because it is being used as a basis to enhance his current federal sentence, the motions must be

construed as a motion to vacate under §2255, and they are barred for lack of subject matter jurisdiction they are not brought in the district from which the conviction was obtained. Therefore, the undersigned recommends they be dismissed with prejudice on this basis as well.

*2. Section 2241*

On November 17, 2010, while petitioner's §2254 petition was pending, petitioner filed a second petition for writ of *habeas corpus* pursuant to 28 U.S.C. §2241; in this proceeding he specifically challenged the September 30, 2003 convictions in the United States District Court for the Southern District of Florida urging the following grounds for relief – (1) the trial court erroneously relied upon prior conviction to determine Career Offender Status; (2) the trial court abused her discretion by imposing a fine; (3) petitioner's prior state conviction was illegally used to enhance petitioner's current federal sentence. [Doc. #3]

*Habeas corpus* petitions filed pursuant to 28 U.S.C. §2241 are generally used to challenge the manner in which a sentence is executed. *See Warren v. Miles*, 230 F.3d 688, 694 (5th Cir.2000). A Motion to Vacate Sentence filed pursuant to 28 U.S.C. §2255 allows federal inmates to collaterally attack the legality of their convictions or sentences. See *Cox v. Warden, Fed. Det. Ctr.*, 911 F.2d 1111, 1113 (5th Cir.1990). Here, petitioner collaterally attacks his incarceration arguing sentencing error with regard to his federal drug conviction. Since petitioner is contesting errors occurring at sentencing, and not the manner in which the sentence is being executed, his claim is more appropriately raised in a §2255 Motion to Vacate.

Federal prisoners may use §2241 to challenge the legality of their convictions or sentences but only if they satisfy the § 2255 "savings clause." See *Reyes-Requena v. United States*, 243 F.3d 893, 901 (5th Cir.2001). The "savings clause" provides that a federal convict may file a writ of

*habeas corpus* pursuant to §2241 if the § 2255 motion's remedy is "inadequate or ineffective to test the legality of his detention." *See* 28 U.S.C. § 2255. A prisoner seeking such relief under the "savings clause" must establish that: (1) his claim is based on a retroactively applicable Supreme Court decision which establishes that he may have been convicted of a nonexistent offense, and that (2) his claim was foreclosed by circuit law at the time when the claim should have been raised in his trial, appeal, or first § 2255 motion. *Reyes-Requena*, 243 F.3d at 904. Such petitioners bear the burden of demonstrating that the §2255 remedy is inadequate or ineffective. *Jeffers v. Chandler*, 253 F.3d 827, 830 (5th Cir.2001); *Pack v. Yusuff*, 218 F.3d 448, 452 (5th Cir.2000). The fact that a prior §2255 motion was unsuccessful, or that the petitioner is unable to meet the statute's second or successive requirement, does not make §2255 inadequate or ineffective. *Jeffers,* 253 F.3d at 830; *Toliver v. Dobre*, 211 F.3d 876, 878 (5th Cir. 2000).

Petitioner has pointed to no retroactively applicable Supreme Court decision which establishes that he was convicted of a nonexistent offense. Nor has he shown that his present claims were foreclosed by circuit law at the time when they should have been raised either at his trial, appeal, or prior Motions to Vacate. He has failed to show that his 28 U.S.C. § 2255 remedies are ineffective and inadequate under the Savings Clause. Therefore, the instant petition for writ of *habeas corpus* pursuant to 28 U.S.C. §2241 must also be dismissed for lack of jurisdiction. *See Christopher v. Miles*, 342 F.3d 378 (5th Cir. 2003).

### *Recommendation*

Accordingly,

**IT IS RECOMMENDED** that the petitions for *habeas corpus* filed pursuant to 28 U.S.C. §2254 be **DISMISSED WITH PREJUDICE** because petitioner is no longer "in custody" with

respect to the conviction attacked and therefore this court lacks subject matter jurisdiction to consider his claims;

**IT IS FURTHER RECOMMENDED** that the petition for *habeas corpus* filed pursuant to 28 U.S.C. §2241 also be **DISMISSED WITH PREJUDICE** because the Court lacks jurisdiction to consider these claims.

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the District Judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See, Douglass v. United Services Automobile Association*, **79 F.3d 1415 (5th Cir. 1996).**

**With regard to the petitions filed pursuant to Section 2254,** petitioner is further advised: Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts, this court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Unless a Circuit Justice or District Judge issues a certificate of appealability, an appeal may not be taken to the court of appeals. **Within fourteen (14) days from service of this Report and Recommendation, the parties may file a memorandum setting forth arguments**

**on whether a certificate of appealability should issue.** See 28 U.S.C. §2253(c)(2). **A courtesy copy of the memorandum shall be provided to the District Judge at the time of filing.**

In Chambers, Lafayette, Louisiana, January 10, 2011.

Patrick J. Hanna
United States Magistrate Judge
800 Lafayette St., Suite 3500
Lafayette, Louisiana 70501
(337) 593-5140 (phone) 593-5155 (fax)